Taylor, C. J.
delivered the opinion of the Court:
This is a struggle to avoid the payment of the plaintiff’s debt, upon two objections purely technical; and to be sure, if they are founded in point of law, they must prevail, whatever the justice of the case may call for otherwise.
The first objection goes to the introduction of the judgment recovered by Gabie v. Meilan, because the suit was brought against him as administrator of N. W. Ruggles, and the judgment was entered against him as executor. The inference drawn from this ground of objection is, that Meilan is not liable as administrator of Nathaniel Ruggles for a recovery had against him in a suit, which described him as the administrator of N. W. Ruggles; that the administration bond binds him only as the administrator of Nathaniel Ruggles, and he cannot otherwise be made liable.
*462 If the objection be founded on the idea that there were two persons of the name of Ruggles, that is repelled by the evidence spread upon the record in this case, and by the manner of describing him in the declaration, as Nathaniel W. Ruggles, otherwise called Nathaniel Ruggles, and N. W. Ruggles.
The ground of variance is equally untenable, because if any advantage could have been taken of it, the proper time was, when Meilan was sued as the administrator of N. W. Ruggles. But, instead of availing himself of the variance between the administration bond, and the way in which his intestate was described in the writ, he waived all objection on that score, and expressly admitted that he was the administrator of N. W. Ruggles, by confessing a judgment in that character. The objection that the judgment was rendered against him as executor, does not seem to be founded in point of fact. He is so called upon the docket, though, a clerical error; but the writ describes him as administrator, and when he signs his name to the confession of judgment, he recognizes the character in which he is sued. We must therefore take it from all these proceedings, that the Nathaniel Ruggles upon whose effects Meilan administered, is the same Nathaniel W. Ruggles, as whose administrator he confessed a judgment to Gabie; to enforce which judgment is the object of the present suit. According to the plainest rules of pleading, Meilan is riot estopped to deny this fact. Thus if a defendant omits to plead a misnomer, he may be taken in execution by a wrong name, 2 Str. 1218. If A give a bond by the name of B, and being sued by the name of B, plead the misnomer, the plaintiff may estop him by saying that he made the bond by the name of B. Comyn's Dig. Abatement F. 17.
With respect to the reason in arrest of judgment, we do not, on full consideration, think it ought to prevail. It is true, that the act of 1791, directs such bonds to be made pay *463 able to the Chairman of the Court, changing in that respect the act of 1715, which directs them to be made payable to the Governor. But the act is merely directory, and does not render them void, or voidable, if taken otherwise. The defendants have then given a bond in a form which the law did not compel them to do; but it is conditioned for the most just and useful purposes, viz. to dispose of the goods of the deceased among his creditors and next of kin; and the defendants have entered voluntarily into such engagement. We think the law will lend its aid in enforcing this bond; and that in reason and principle, the case of Johnson v. Laserre, is an authority for the plaintiff. “ Error upon a judgment in a scire facias, sued in the Common Pleas by Laserre, upon a recognizance entered into by Johnson to Laserre, in which judgment was given for Laserre. Johnson, the defendant, in the Common Pleas, prayed there oyer of the recognizance and the condition, which condition recited that Hugh Howard, and Thomasere, his wife, executors of John Langston, had sued a writ of error returnable in the King’s Bench, upon a judgment recovered in the Common Pleas by Laserre against Howard and his wife; if therefore, the said Howard and his wife prosecute the writ of error with effect, &c. and paid the sum recovered and also the damages and costs that should be awarded, if the judgment should be affirmed, &c. that then, &c. after which oyer had, the said Johnson pleaded in bar of the scire facias, the act of 16 & 17 Car. 2. c. 8, to prevent arrests of judgments, and superseding executions, and the proviso therein, that that act should not extend to any writ of error to be brought by an executor, &c. per quod, the said recognizance taken contrary to the said statute vacua in lege existit.— And upon demurrer, judgment was for the plaintiff Laserre, in the Common Pleas; and Mr. Strange, for the plaintiff in error, insisted that executors by the act of Car. 2, were not obliged to enter into recognizances upon writs of error brought by them, upon judgments obtained against them, and that this appearing to be such a recognizance, was void. *464 But per totam Curiam, if a man will voluntarily enter into such a recognizance, it is good at common law. And judgment was affirmed,” 2 Ld. Raym. 1460.
Upon the whole matter, therefore, the Court are of opinion, that the Clerk of New-Hanover Superior Court be directed to enter up judgment against the defendants for the sum of £5,000, the penalty of the bond, to be discharged by the payment of £594 12 9, with interest from the 1st of January, 1810, until paid.